IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2008

Charles R. Fulbruge III
Clerk

No. 08-40056

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RUBEN MUNGIA, JR

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-464-1

Before JOLLY, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ruben Mungia, Jr., pled guilty to possession with intent to distribute more than 50 kilograms of marijuana and was sentenced to serve 78 months in prison, plus three years of supervised release. As special conditions of his release, the district judge ordered Mungia to receive mental health treatment, vocational training, and anger management counseling "as deemed necessary by the probation officer." Mungia appeals, arguing that the district judge unlawfully

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and unconstitutionally delegated his statutory and Article III authority to determine sentencing conditions to a non-judicial officer.

Because Mungia did not object at sentencing, this court reviews for plain error only. Under the plain error standard of review, reversal is not required unless there is (1) an error; (2) that is clear or obvious; and (3) that affects the defendant's substantial rights. United States v. Rojas-Gutierrez, 510 F.3d 545, 548 (5th Cir. 2007). Even then, we retain discretion whether to correct the error and, generally, will do so only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. We determine whether an alleged error is plain by reference to existing law at the time of appeal. See, e.g., United States v. Martinez-Vega, 471 F.3d 559, 561 (5th Cir. 2006) (citing Johnson v. United States, 520 U.S. 461 (1997)).

Mungia cites primarily United States v. Albro, 32 F.3d 173 (5th Cir. 1994), to support his position that the district judge plainly erred by delegating his authority to determine special conditions of release to a probation officer. In that case, Albro was convicted of bank fraud and ordered to pay restitution. Although the district judge himself determined the amount to be paid, he delegated the "manner of payment" to a probation officer. This court agreed with Albro that "'the amounts to be paid and the manner of payment should be recited in the [sentencing] order, rather than delegating these details to the probation officer.'" Id. at 174 (citations omitted). The court found plain error and reversed.

Mungia concedes, however, that this court has since distinguished Albro in cases similar to his own. In United States v. Warden, for example, this court held that it was not plain error to allow a probation officer to determine a defendant's ability to pay for drug treatment; Albro concerned "restitution payments," this court wrote, not the costs of drug treatment. 291 F.3d 363, 365-66 (5th Cir. 2002). In United States v. Acevedo, a case similar to Mungia's, this court held that it was not plain error to delegate to a probation officer the

authority to determine whether and to what extent the defendant should participate in a drug treatment program. 157 F.App'x 713 (5th Cir. 2005) (unpublished per curiam opinion). The same result was reached in United States v. Vega, 332 F.3d 849 (5th Cir. 2003) (not plain error to allow probation officer to determine the length of defendant's drug treatment).

We find that in the light of our opinions in Warden, Acevedo, and Vega, there could be no plain error here because our precedents do not plainly require the result Mungia urges. Accordingly, Mungia's sentence is AFFIRMED.