IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-20301
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANIEL LOMAS, III

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-497

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Daniel Lomas, III was convicted of one count of conspiracy to conceal and transport illegal aliens for the purpose of commercial advantage and private financial gain, and was sentenced to serve 24 months in prison and a three-year term of supervised release. Lomas challenges a special condition of his supervised release in this appeal. He specifically argues that the district court reversibly erred by delegating to the probation officer the authority to decide whether he should undergo mental health treatment. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Lomas's argument was not presented to the district court, we may review the issue only for plain error. See United States v. Wright, 86 F.3d 64, 65 (5th Cir. 1996). This sentencing issue was recently presented to another panel of this court, and there we found no plain error. United States v. Mungia, No. 08-40056, 2008 WL 4622544, at *2 (5th Cir. Oct. 20, 2008) (unpublished). We now review why that is the proper result when there was no objection to this particular provision at sentencing.

The relevant statutory provision states that "[t]he court may provide" that a defendant undergo treatment; such treatment must be "as specified by the court." 18 U.S.C. § 3563(b)(9). This language, Lomas argues, precludes having treatment be that "deemed necessary and approved by the probation officer." Lomas also asserts that permitting the probation officer such discretion is an unconstitutional delegation of Article III judicial authority.

Other circuits have agreed an improper delegation occurs in similar cases. The Eleventh Circuit has found that an impermissible delegation of judicial authority occurs when a court gives "the probation officer the authority to decide whether a defendant will participate in a treatment program," as opposed to authority over the implementation of the treatment. United States v. Heath, 419 F.3d 1312, 1315 (11th Cir. 2005); see also United States v. Pruden, 398 F.3d 241, 250-51 (3d Cir. 2005) (mental health treatment); United States v. Peterson, 248 F.3d 79, 85 (2d Cir. 2001); United States v. Kent, 209 F.3d 1073, 1078-79 (8th Cir. 2000) (mental health treatment); United States v. Figuereo, 404 F.3d 537, 542-43 (1st Cir. 2005) (drug testing); United States v. Stephens, 424 F.3d 876, 882-84 (9th Cir. 2005) (drug testing); United States v. Sines, 303 F.3d 793, 799 (7th Cir. 2002) (sex-offender treatment). One of our sister circuits concluded that every circuit court to review a sentence that gave to a probation officer the authority to decide whether a defendant will participate in a treatment program found it unconstitutional. Heath, 419 F.3d at 1315.

Nonetheless, given the plain error context, this appeal is an unsuitable vehicle for us to resolve the issue. No Fifth Circuit or Supreme Court jurisprudence supports Lomas's claim. We ordinarily do not find plain error when we "have not previously addressed" an issue. United States v. Vega, 332 F.3d 849, 852 n.3 (5th Cir. 2003). If an argument requires the extension of authoritative precedent, the failure of the district court to do so cannot be plain error. United States v. Hull, 160 F.3d 265, 272 (5th Cir. 1998).

We thus look for whether there is authoritative precedent. The principal related Fifth Circuit precedent reviewed a sentence that had granted to a probation officer the determination of whether a defendant had the ability to pay for drug and alcohol treatments. United States v. Warden, 291 F.3d 363, 365-66 (5th Cir. 2002). We found that this determination of financial ability was similar to other fact-finding that a probation officer was allowed to make. Id. at 366 (citing U.S. SENTENCING GUIDELINES MANUAL § 5D1.3(c)(15) (2000) (defendants may be required to notify the probation officer "of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments")). Distinguished in Warden was a precedent in which we held that a probation officer could not be given the discretion to determine the "amount and manner" of restitution payments, as that was a matter entrusted to the sentencing judge. United States v. Albro, 32 F.3d 173 (5th Cir. 1994).

No clear authority prohibited the sentence. Adapting Albro's holding to the mental treatment provision would be an extension of precedent. Failure to recognize such an extension was not plain error. Any error here was not so plain that "the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." United States v. Frady, 456 U.S. 152, 163 (1982). The judgment of the district court is AFFIRMED.