**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 8, 2009

Charles R. Fulbruge III
Clerk

No. 09-40043
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ESIQUIEL DE LOS SANTOS,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-20-ALL

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Esiquiel De Los Santos appeals from the district court's January 12, 2009, judgment revoking his supervised release and imposing a 24-month term of imprisonment to be followed by an 18-month supervised release term. As special conditions of his supervision, the district court ordered De Los Santos, "[a]s deemed necessary by the probation officer," to participate in a drug treatment program and in a mental health treatment program. De Los Santos argues that

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court committed plain error by delegating to the probation officer the authority to decide whether he should undergo mental health and drug treatment. Citing *United States v. Albro*, 32 F.3d 173, 174 (5th Cir. 1994), he argues that the district court impermissibly delegated its Article III power to impose conditions of supervised release by giving the probation officer discretion to decide whether he should participate in mental health and drug treatment programs.

To show plain error, De Los Santos must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). Our precedents do not plainly require the result De Los Santos urges. *See United States v. Vega*, 332 F.3d 849, 853-54 (5th Cir. 2003); *United States v. Warden*, 291 F.3d 363, 365-66 (5th Cir. 2002).

*       *       *

The judgment is AFFIRMED.