**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2012

No. 11-30650

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JOSEPH THEO BABINEAUX, JR.,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:02-CR-60065-4

Before BENAVIDES, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Joseph Babineaux challenges the terms of his supervised release because the district court's written judgment imposed a condition that was not explicitly stated orally at sentencing and because he claims the condition improperly delegated authority to the probation officer. Because there is a conflict between the oral and written sentences, we vacate the sentence in part and remand for the district court to conform its written judgment to the oral sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30650

**I**

Babineaux pleaded guilty to cocaine distribution and was sentenced to sixty months in prison—to include substance-abuse treatment—and four years of supervised release. While he was on supervised release, a revocation hearing was held, and Babineaux admitted that he had violated the terms of his supervised release in several ways, including using drugs, using a masking agent during a drug test, and missing substance-abuse treatment sessions. The court deferred revocation so Babineaux could enter an inpatient substance-abuse treatment program. Less than a year later, the revocation proceedings were reopened because of new violations, including additional drug use and missed treatment. The hearing was postponed so Babineaux could again seek to enter a substance-abuse treatment facility, but when one was not available, the court resumed the revocation hearing. At that hearing, Babineaux's counsel represented to the court that, after spending several months in jail, Babineaux was now "clean" and had completed drug treatment programs. Babineaux admitted the violations and was sentenced to twenty-four months in prison to be followed by one year of supervised release, a sentence to which Babineaux objected on reasonableness grounds.

The court did not specify any terms of the supervised release during the hearing. However, the "Minutes of Court" in the district court's docket, dated the same date as the hearing, indicated the supervised release had the following conditions:

> The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of being placed on supervised release and at least two periodic drug tests thereafter, as directed by the U.S. Probation Officer as per the provisions of the 1994 Crime Control Bill and any additional conditions as ordered by the probation officer, which may include, but is not limited to attendance at community-based

No. 11-30650

support groups, participation in individual or group treatment and
participation in a residential drug treatment program.

The written judgment also included these conditions (listed under "Special
Conditions of Supervision") in the same form as given in the minutes.
Babineaux appeals on the grounds that (1) the written conditions conflict with
the oral sentence and are therefore invalid, and (2) the conditions improperly
delegate the court's authority to the probation officer.

## II

Although Babineaux raises his arguments for the first time on appeal, we
review his claims for an abuse of discretion, rather than plain error, because he
did not have an opportunity to object at sentencing to the special condition that
was imposed in the written order.[1]  The Government contends that we should
review only for plain error because the conditions were included in the "Minutes
of Court" that were filed by the district court after sentencing but several days
before entry of judgment.  The Government argues this "placed the defendant on
notice" and gave him an opportunity to object prior to judgment, but it cites no
authority to support the contention that this alters our standard of review or the
defendant's obligation to object.

Written minutes are of an entirely different character than an oral
pronouncement in open court with the defendant and counsel present.
Babineaux's failure to object to the minutes in which the conditions first
appeared does not constitute forfeiture of his objection, so our review is for an
abuse of discretion.

---

[1] *United States v. Warden*, 291 F.3d 363, 365 n.1 (5th Cir. 2002).

No. 11-30650

## III

A defendant has a constitutional right to be present at his sentencing, so when the oral and written sentences conflict, the oral pronouncement controls.[2] "If the differences between the two sentences create merely an ambiguity, however, then 'we must look to the intent of the sentencing court, as evidenced in the record' to determine the defendant's sentence."[3]

The Sentencing Guidelines contain several categories of conditions for supervised release. "Mandatory conditions" are imposed on all defendants, "standard conditions" are recommended for all defendants, and "special conditions" are recommended in certain circumstances.[4] With respect to special conditions, "defendants convicted of certain crimes should be subject to these conditions as a matter of course while other defendants will only be subject to these conditions if the district court believes they are 'appropriate' in a specific case."[5] The prohibition of use of a controlled substance and the drug test requirement included in Babineaux's conditions are mandatory conditions,[6] while substance-abuse treatment is a special condition.[7]

"[E]xplicit reference to each and every standard condition of supervision is not essential to the defendant's right to be present at sentencing," so an

---

[2] *United States v. Bigelow*, 462 F.3d 378, 380-81 (5th Cir. 2006) (citing *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam)).

[3] *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003) (per curiam) (quoting *Warden*, 291 F.3d at 365).

[4] *See* U.S. SENTENCING GUIDELINES MANUAL § 5D1.3 (2010); *see also* 18 U.S.C. § 3583(d).

[5] *Torres-Aguilar*, 352 F.3d at 937 (citing U.S. SENTENCING GUIDELINES MANUAL § 5D1.3(d)).

[6] U.S. SENTENCING GUIDELINES MANUAL § 5D1.3(a)(2), (4).

[7] *Id.* § 5D1.3(d)(4).

omission of such a condition from the oral sentence does not create a conflict, as the written sentence merely clarifies that the standard condition does, in fact, apply.[8]  The omission of a special condition presents a more difficult question. Generally, the failure to impose a special condition orally at the sentencing hearing creates a conflict, and the written judgment must be amended to comport with the oral sentence.[9]  Under appropriate circumstances, however, special conditions may be "as standard as" the standard conditions.[10]

In *Torres-Aguilar*, a special condition present only in the written judgment barred the defendant from possessing a dangerous weapon,[11] a condition the Sentencing Guidelines recommends "if the defendant was previously convicted of a felony."[12]  It was undisputed that Torres-Aguilar had previously pleaded guilty to a felony.[13]  We concluded that "the judgment's inclusion of conditions that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict with the oral pronouncement" but instead only clarifies it, so we upheld the condition.[14]

We distinguished *Torres-Aguilar* in *United States v. Bigelow*.[15]  In *Bigelow*, we considered the court's failure to recite orally special conditions requiring

---

[8] *See Torres-Aguilar*, 352 F.3d at 936 (quoting *United States v. Vega*, 332 F.3d 849, 853 n.8 (5th Cir. 2003) (per curiam)).

[9] *Vega*, 332 F.3d at 852-53.

[10] *Torres-Aguilar*, 352 F.3d at 937 (quoting *United States v. Asuncion-Pimental*, 290 F.3d 91, 95 (2d Cir. 2002)).

[11] *Id.* at 935.

[12] U.S. SENTENCING GUIDELINES MANUAL § 5D1.3(d)(1) (2010).

[13] *Torres-Aguilar*, 352 F.3d at 937.

[14] *Id.* at 938.

[15] 462 F.3d 378 (5th Cir. 2006).

participation in a substance-abuse treatment and testing program and a mental health program. Those conditions are recommended when the court has reason to believe the defendant is, respectively, a substance abuser or in need of mental health treatment.[16] The record indicated Bigelow had abused drugs in the past and had "a long history of psychological problems" but that he was not presently using drugs or suffering from mental illness.[17] We compared Torres-Aguilar's felony conviction, which was "undisputed and based on objective facts easily determined from the record," with the "much more subjective" inquiry into what the court "ha[d] reason to believe," and we concluded that the facts "were *not* so clear as to transform these special, into standard, conditions."[18] In concluding the conditions could not be enforced, we also cited our prior holding in *United States v. Martinez* that "[t]he district court's failure to mention mandatory drug treatment in its oral pronouncement constitutes a conflict, not an ambiguity."[19]

In this case, as in *Bigelow*, whether the Sentencing Guidelines recommend the imposition of the substance-abuse treatment condition is a more subjective question. Another similarity to *Bigelow* is that Babineaux's counsel represented to the district court that Babineaux was "clean," albeit after spending time in jail, where he had also completed several drug-treatment programs. *Bigelow*, however, did not appear to present the situation in which the defendant was convicted of a drug charge and had repeatedly violated his supervised release through drug use and related issues.

---

[16] U.S. SENTENCING GUIDELINES MANUAL § 5D1.3(d)(4)-(5).

[17] *Bigelow*, 462 F.3d at 382.

[18] *Id.*

[19] *Id.* at 383 (emphasis omitted) (citing *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam)).

No. 11-30650

While this case is not precisely the same as *Bigelow*, it is dissimilar to *Torres-Aguilar*, in which the fact that triggered the Guidelines' recommendation was objectively verifiable and undisputed. *Bigelow* suggests that *Torres-Aguilar* may be limited to circumstances such as those, and we decline to extend *Torres-Aguilar* further here. As a result, we hold that the oral pronouncement in the present case conflicts with the written judgment to the extent that the judgment establishes additional conditions for supervised release that are not mandatory, recommended, or standard. We therefore vacate the sentence in part and remand to the district court so that it may conform the written judgment to its oral pronouncement by removing the language authorizing additional conditions as ordered by the probation officer, including substance-abuse treatment.[20]

## IV

Babineaux also challenges the conditions as containing an improper delegation of authority to the probation officer to determine the conditions of supervised release, specifically regarding drug treatment. Because we hold that the district court must remove that portion of the conditions from its judgment, we need not address this argument.

\*        \*        \*

For the foregoing reasons, Babineaux's sentence of supervised release is VACATED IN PART, and the matter is REMANDED to the district court with instructions to conform the written judgment to the oral pronouncement at sentencing, consistent with this opinion.

---

[20] *See id.* at 384 ("Because the judgment[] . . . conflicts with the oral sentence, the former must be conformed to the latter.").