# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20259

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

DANIEL LOMAS, III,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-497

Before OWEN, GRAVES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Daniel Lomas, III, appeals the district court's reimposition of special conditions of supervised release where the written judgment differed from the oral pronouncement at sentencing. Because we conclude that the district court abused its discretion, we VACATE the educational program and mental health conditions of supervised release and REMAND to the district court for proceedings consistent with this opinion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20259

## FACTS AND PROCEDURAL HISTORY

Daniel Lomas, III, pleaded guilty in 2008 to conspiracy to transport an alien for the purpose of commercial advantage and private financial gain under 8 U.S.C. §§ 1324(a)(1)(A)(ii), (iii), & (v)(I).  He was sentenced to twenty-four (24) months imprisonment, to be followed by three years of supervised release. Among the special conditions of supervised release, Lomas was required to participate in a drug treatment program, "required to participate in a mental health program as deemed necessary and approved by the probation officer," and ordered to "enroll and participate in an educational program designed to receive a high school diploma or its equivalency."  The term of supervised release began on October 9, 2009.

On March 2012, the United States Probation Office (Probation) petitioned the court to revoke Lomas' supervised release, alleging a law violation from traffic violations, two positive drug tests, and failure to report. In July 2012, Lomas pleaded true to committing the four supervised-release violations.  The district court revoked Lomas' supervised release and sentenced him to seven months imprisonment with an additional term of supervised release of twenty nine (29) months.  The written judgment omitted the educational condition, but contained the same drug-treatment and mental-health conditions as originally required.

In July 2013, Probation again petitioned the district court regarding a supervised released violation.  On September 6, 2013, Lomas pleaded true to one violation for failing to participate as directed in an alcohol and drug treatment program.  As Lomas was gainfully employed and had tested clean, the district court removed the drug-treatment requirement, but admonished Lomas to "comply in the future with the requirements" of his supervised release and said "the other terms of supervised release will continue, which will mean you will continue to be tested from time to time."  The written order

No. 14-20259

said that the court had "reinstated all previously imposed conditions and waived drug treatment at this time," but did not specify the conditions.

On March 10, 2014, Probation petitioned the court to revoke Lomas' term of supervised release, alleging two law violations of criminal trespass, one positive drug test, and later a superseding allegation of a fourth violation involving an assault. After a hearing in which Lomas' mental health condition was discussed at length, Lomas pleaded true to the positive drug test violation and the court revoked his supervised release. The other alleged violations were dismissed.

The district court sentenced Lomas to a term of imprisonment of eight months, to be followed by a twenty-one (21) month term of supervised release. Specifically, the court said that "the previous condition remained [sic] in effect with respect to drug treatment and help as may be determined appropriate by the probation office, as I have previously required." However, in addition to the orally-imposed drug-treatment condition, the written judgment also included the mental health and educational conditions that were originally imposed – despite the fact that the educational condition was not reimposed in March 2012.

Thereafter, Lomas filed this appeal. On October 27, 2014, counsel filed a brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). On March 19, 2015, this court denied the motion, identified two potentially nonfrivolous issues for appeal, and ordered counsel to file supplemental briefing. Counsel then filed briefing on the merits.

## STANDARD OF REVIEW

"[A] defendant has a constitutional right to be present at sentencing." *United States v. Bigelow*, 462 F.3d 378, 380 (5th Cir. 2006) (internal quotation marks and citation omitted; alteration in original). Where there is a conflict between the written judgment and the oral pronouncement of sentence, the

3

No. 14-20259

oral pronouncement controls. *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003); *see also United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003). Lomas did not have the opportunity to address the issue when the condition was reimposed. Thus, this court reviews the imposition of special conditions of supervised release for an abuse of discretion. *United States v. Fernandez*, 776 F.3d 344, 345 (5th Cir. 2015); *see also Torres-Aguilar*, 352 F.3d at 935.

## DISCUSSION

*I. The educational program condition.*[1]

Lomas asserts that the district court abused its discretion by including the educational program condition in the written judgment because it was not orally pronounced or even mentioned during the sentencing hearing. Further, he asserts that this condition should be struck from the judgment.

The Government asserts that the court should review for plain error. However, the Government offers no persuasive authority to support such a proposition. The Government argues in the alternative that Lomas cannot show that the district court abused its discretion by failing to announce the condition.

This court has held that the inclusion of "mandatory, standard, or recommended" conditions of supervised release in the written judgment, even if the conditions were not orally stated at sentencing, does not create a conflict between the written and oral judgments. *Torres-Aguilar*, 352 F.3d at 938; *see also* U.S.S.G. § 5D1.3(d)(1)(5). However, "if the district court fails to mention a *special* condition at sentencing, its subsequent inclusion in the written judgment creates a conflict that requires amendment of the written judgment

---

[1] We have been informed by the Federal Public Defender that Lomas recently violated a separate condition and the educational program condition was not reimposed. Thus, this issue would be moot.

4

to conform with the oral pronouncement." *See Torres-Aguilar*, 352 F.3d at 936 (quoting *Vega*, 332 F.3d at 852-53) (emphasis original). The special condition that Lomas "enroll and participate in an educational program designed to receive a high school diploma or its equivalency" is not a mandatory, standard or recommended condition of supervised release under Section 5D1.3. *See* U.S.S.G. § 5D1.3(a), (c), (d). This special condition is also not contained in General Order No. H-1996-10 of the United States District Court for the Southern District of Texas (General Order).

This court has not yet specifically addressed in a published opinion whether a defendant's constitutional right to be present at sentencing is violated where he was subject to the condition at issue based upon his initial sentencing but was not orally informed that the condition was reimposed upon revocation of his supervised release. However, this court has held that a district court abused its discretion by including an additional restriction in the written judgment that was not part of the oral pronouncement of sentence. *See United States v. Tang*, 718 F.3d 476, 487 (5th Cir. 2013). This court has also held in an unpublished opinion that a district court abused its discretion by including special conditions in a written judgment that were not orally pronounced on revocation sentencing. *See United States v. Babineaux*, 493 F. App'x 485, 487-89 (5th Cir. 2012). Further, this court has said that the oral pronouncement controls where "the transcript from the revocation hearing reflects that the district court's reimposition of the special assessment is contrary to the oral pronouncement." *United States v. Orduna-Perales*, 530 F. App'x 355, 356 (5th Cir. 2013) ("[D]istrict court's judgment is modified to strike the reimposition of the $100 special assessment so that the written judgment is in conformance with the oral pronouncement, and we affirm the judgment as so modified."); *see also United States v. Gil-Perez*, 605 F. App'x 439 (5th Cir. 2015).

No. 14-20259

Additionally, the special condition here was not reimposed in the written judgment following Lomas' 2012 revocation hearing – despite the district court's oral pronouncement that the "[s]pecial conditions of recommended supervised release will be [sic] same as those that had previously been in effect."

The record reflects that the written judgment includes a special condition that was not orally imposed and could not be clarified by reference to conditions of supervision set forth elsewhere. *See Torres-Aguilar*, 352 F.3d at 936, 938. While this special condition was imposed in connection with Lomas' original sentence, it was not orally pronounced upon reimposition of supervised release during the 2014 revocation proceeding at issue here. This court has previously concluded that the oral pronouncement controls in such a situation.

For these reasons, we conclude that the district court abused its discretion by including the educational program special condition in the written judgment. Thus, we vacate the educational program condition and remand to the district court to strike the condition from the written judgment.

II. *The mental health program condition.*

STEPHEN A. HIGGINSON, Circuit Judge:

Lomas also challenges the mental-health special condition on the ground that its wording impermissibly delegates to the probation officer the decision whether he must undergo mental-health treatment.   Lomas has made this argument before: in 2008, when he appealed his original sentence, which contained an identically worded mental-health special condition. *See United States v. Lomas (Lomas I)*, 304 F. App'x 300 (5th Cir. 2008). At his 2008 sentencing, Lomas did not object to the alleged improper delegation, so we reviewed the issue for plain error. *Id.* at 300. We found cause for concern, but no plain error, and so affirmed. *See id.* at 301.

6

No. 14-20259

This time around, Lomas argues that review should be for abuse of discretion because the district court "failed to mention the [mental-health] condition while orally pronouncing the sentence."[2] (Blue Br. at 15.) When a district court fails to announce a special condition of supervised release at sentencing, the defendant is denied "the opportunity to object." *Tang*, 718 F.3d at 487. When that happens, we review for abuse of discretion, not plain error. *See id.*

Here, it is close question whether the district court's oral pronouncement of sentence at the revocation hearing provided Lomas with adequate "opportunity . . . to consider, comment on, or object to the special condition." *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006). We begin by noting that the condition has been an important constant for Lomas from 2008 to 2014: it appeared in his original 2008 sentence (ROA.75); then it was reiterated orally and in his written judgment after his 2012 revocation (ROA.171, 105); then it was "continue[d]" as "unchanged" orally and in writing after the 2013 modification (ROA.185, 121-22); and, finally, it is in his 2014 revocation written judgment that we are reviewing now (ROA.146).

We also note that the predicate for imposing the condition—that "the court has reason to believe that the defendant is in need of psychological or psychiatric treatment"—was satisfied. U.S.S.G. § 5D1.3(d)(5). At the

---

[2] Lomas does not challenge the inclusion of the mental health condition on the ground that the district court's alleged omission constitutes a "conflict" with the written judgment requiring striking. *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). Instead, he notes the alleged omission only in support of his argument that abuse-of-discretion, rather than plain-error, review should apply to his improper-delegation challenge. Thus, we need not decide whether the inclusion of a detailed mental-health condition in the written judgment following the district court's oral pronouncement of generic "help" constituted a "conflict" requiring striking or an "ambiguity" permitting us to consider the district court's intent. *See United States v. Tang*, 718 F.3d 476, 487 (5th Cir. 2013). If we were faced with that decision, however, then for the reasons set forth in the following discussion, we would be inclined to hold that, under the facts present here, the difference between the oral pronouncement and written judgment constituted only an ambiguity.

revocation hearing, Lomas's counsel challenged the court's review of Lomas's medical records from the Bureau of Prisons. (ROA.194-99.) The court explained that it had ordered the records in response to concerns raised by defense counsel about Lomas's medical treatment, and for the purpose of verifying that the Bureau of Prisons was providing Lomas with "reasonable access for medical evaluation and appropriate prescribed medications for the treatment of bipolar [dis]order." (ROA.196.) Later in the hearing, Lomas's counsel argued that Lomas's bipolar disorder diagnosis helps to explain his struggle to comply with the drug-treatment conditions of his supervised release. (ROA.202.) Finally, at the end of sentencing, the court instructed Lomas to "pay attention to the doctors' diagnosis that your lawyer has very well pointed out. And do what those doctors say, and if they say you should have prescription medication, then take that. Understand that they're trained in trying to help you, too." (ROA.208-09.) In short, concern for Lomas's mental health, from both court and counsel, ran through the entire hearing. These exchanges make clear that the court was familiar with Lomas's mental-health history and had "reason to believe" that Lomas was in need of further psychiatric treatment. U.S.S.G. § 5D1.3(d)(5).

It is against this backdrop that we must read the court's oral pronouncement about supervision:

> And it's the Court's hope, by providing adequate punishment, which is incremental to his previous revocation, slightly, and by giving him more opportunity for supervision – And I want to say, also, the previous condition remained in effect with respect to drug treatment *and help* as may be determined appropriate by the probation office, as I have previously required.

(ROA.207 (emphasis added).) Given the context just described—Lomas's long history of consistently receiving the mental health condition, and the clear concern for Lomas's mental health demonstrated by both court and counsel

during the hearing—the court's mention of "help" can plausibly be read to refer to the previously, and consistently, imposed mental-health condition.

Even so, it is a close question whether the district court's single mention of "help" was sufficient to provide Lomas with adequate "opportunity at sentencing to consider, comment on, or object to" the version of the mental-health condition that the district court ultimately imposed. *Bigelow*, 462 F.3d at 381; *see generally* Fed. R. Crim. P. 32.1(b)(2)(E), (c)(1). In particular, it is hard to see how Lomas could have objected at sentencing to the wording of the condition—the basis of his challenge on appeal—when he did not encounter that wording until he received his written judgment. Thus, we will not limit to plain error our decision as to whether the delegation requires reversal. We review de novo the constitutional question whether the delegation contravened Article III of the United States Constitution. *See United States v. Perez-Macias*, 335 F.3d 421, 425 (5th Cir. 2003).

Lomas argues that the district court impermissibly delegated its judicial authority by leaving his participation in a mental-health program to the discretion of his probation officer. Although probation officers have broad power to supervise probationers and "perform any other duty that the court may designate," 18 U.S.C. § 3603(10), the type of duty that a court may delegate is limited by Article III of the Constitution, *see United States v. Johnson*, 48 F.3d 806, 808-09 (4th Cir. 1995). The imposition of a sentence, including the terms and conditions of supervised release, is a "core judicial function" that cannot be delegated. *Id.* at 808 (citing *Ex Parte United States*, 242 U.S. 27, 41 (1916)); *see United States v. Pruden*, 398 F.3d 241, 250 (3d Cir. 2005) ("[A] probation officer may not decide the nature or extent of the punishment imposed upon a probationer."). Thus, a district court may properly delegate to a probation officer decisions as to the "details" of a condition of supervised release. *United States v. Nash*, 438 F.3d 1302, 1305 (11th Cir. 2006)

(citation omitted). But a court impermissibly delegates judicial authority when it gives a probation officer "authority to decide *whether* a defendant will participate in a treatment program." *United States v. Heath*, 419 F.3d 1312, 1315 (11th Cir. 2005) (emphasis added); *see also Lomas I*, 304 F. App'x at 300-01 (collecting cases from other circuits).

Here, the mental-health condition imposed in Lomas's written judgment provided, in relevant part: "The defendant is required to participate in a mental health program as deemed necessary and approved by the probation officer." (ROA. 146.) Coupled with the "extensive evidence of [Lomas's] mental illness," *United States v. Allen*, 312 F.3d 512, 516 (1st Cir. 2002), the first part of the sentence sounds mandatory: "the defendant *is required* to participate." But the second part is discretionary: ". . . *as deemed necessary* . . . by the probation officer," hence we conclude that, in this case, the condition is ambiguous, *see United States v. Peterson*, 248 F.3d 79, 85 (2d Cir. 2001), and we vacate the condition and remand for resentencing, with the following instructions:

> 2      If the district court intends that the therapy be mandatory but leaves a variety of details, including the selection of a therapy provider and schedule to the probation officer, such a condition of probation may be imposed. If, on the other hand, the court intends to leave the issue of the defendant's participation in therapy to the discretion of the probation officer, such a condition would constitute an impermissible delegation of judicial authority and should not be included.

*Id.*[3]

---

[3] We caution, however, that our finding of ambiguity is limited to the facts of this case, and should be viewed as the exception, not the rule. In most instances, this sort of discretionary language--apparently used with some frequency, *see, e.g.*, *United States v. Villarreal*, 519 F. App'x 236, 237 (5th Cir. 2013); *United States v. Fernandez*, 436 F. App'x 384, 385 (5th Cir. 2011); *United States v. Torres-Pindan*, 400 F. App'x 839, 841 (5th Cir. 2010); *United States v. Bishop*, 603 F.3d 279, 280 (2010); *United States v. De Los Santos*, 332 F. App'x 993, 993 (5th Cir. 2009); *United States v. Davis*, 306 F. App'x 851, 852 (5th Cir.

No. 14-20259

## CONCLUSION

For the reasons stated herein, we VACATE the educational program and mental health program conditions of supervised release and REMAND to the district court for resentencing.

---

2009); *United States v. Grubert*, 339 F. App'x 406, 406 (5th Cir. 2009); *United States v. Mungia*, 297 F. App'x 314, 314 (5th Cir. 2008)--will constitute an impermissible delegation.

GRAVES, Circuit Judge, concurring in part as to issue II:

I disagree with the separate majority's conclusion that the mental health condition was ambiguous. On reimposition of Lomas' supervision, the district court's written judgment included the special condition that required Lomas "to participate in a mental health program as deemed necessary and approved by the probation officer." The district court imposed a mental health program condition in Lomas' initial sentence and at his prior revocation hearing.

On direct appeal, Lomas argued that the district court reversibly erred by delegating to the probation officer the authority to decide whether he should undergo mental health treatment. *United States v. Lomas*, 304 F. App'x 300 (5th Cir. 2008). Because Lomas had not objected, this court reviewed for plain error and found none, noting that "[w]e ordinarily do not find plain error when we 'have not previously addressed' an issue." *Id.* at 301. However, the court acknowledged its concerns and cited precedent from other circuits that "have agreed an improper delegation occurs in similar cases." *Id.* at 300.[1]

This court has considered arguments that conditions are substantively unreasonable upon reimposition even when those arguments were not

---

[1] Specifically, this court said:

> The Eleventh Circuit has found that an impermissible delegation of judicial authority occurs when a court gives "the probation officer the authority to decide whether a defendant will participate in a treatment program," as opposed to authority over the implementation of the treatment. *United States v. Heath*, 419 F.3d 1312, 1315 (11th Cir.2005); *see also United States v. Pruden*, 398 F.3d 241, 250-51 (3d Cir.2005) (mental health treatment); *United States v. Peterson*, 248 F.3d 79, 85 (2d Cir.2001); *United States v. Kent*, 209 F.3d 1073, 1078-79 (8th Cir.2000) (mental health treatment); *United States v. Figuereo*, 404 F.3d 537, 542-43 (1st Cir.2005) (drug testing); *United States v. Stephens*, 424 F.3d 876, 882-84 (9th Cir.2005) (drug testing); *United States v. Sines*, 303 F.3d 793, 799 (7th Cir.2002) (sex-offender treatment). One of our sister circuits concluded that every circuit court to review a sentence that gave to a probation officer the authority to decide whether a defendant will participate in a treatment program found it unconstitutional. *Heath*, 419 F.3d at 1315. *Id.*

presented on original imposition. *United States v. Johnson*, 577 F. App'x 241, 243-44 (5th Cir. 2014). The revocation leads to a new sentence. *Id.* at 244. While Lomas did raise this issue on direct appeal as related to his original sentence and under plain error review, this appeal pertains to the reimposed sentence on revocation under a different standard of review. Here, this court's review is for abuse of discretion because Lomas did not have the opportunity to contest the reimposed condition at sentencing. This court has not addressed the issue of delegation of authority under the abuse-of-discretion standard. Further, the legal question of whether the condition involved an unconstitutional delegation would be reviewed de novo. *See United States v. Perez-Macias*, 335 F.3d 421, 425 (5th Cir. 2003).

The district court here did not orally impose on reimposition of supervised release the special condition that Lomas enroll in a mental health treatment program "as deemed necessary and approved by the probation officer." That special condition appears only in the written judgment. I disagree with the separate majority's suggestion that we should ignore any error because Lomas' reference to it was not sufficient to "challenge" the issue. I further disagree with the separate majority that "the difference between the oral pronouncement and the written judgment constituted only an ambiguity." Despite the separate majority's assertion of an oral pronouncement of "generic 'help,'" the district court actually plainly stated that the help it was referencing was as to one "previous condition" and that was "drug treatment." Further, the separate majority's discussion of Lomas' medical records does not in any way cure the fact that the special condition was not orally pronounced.

Based on this court's acknowledgements on direct appeal, the cases from sister circuits, the fact that the district court clearly delegated authority by saying "as deemed necessary" by the probation officer, and the relevant standard of review, I would conclude that the district court abused its

No. 14-20259

discretion by requiring the mental health condition which impermissibly delegated authority to the probation officer. Notwithstanding the impermissible delegation of authority, the district court also abused its discretion by failing to orally pronounce the mental health condition. Accordingly, I would vacate the mental health program condition, and remand to the district court to strike the condition from the written judgment.