LESLIE H. SOUTHWICK, Circuit Judge,
concurring.
The majority is certainly correct that it is unconstitutional for a district judge to delegate to a probation office the decision of whether a defendant will participate in a treatment program. That is a sentencing decision. District judges make those.
Once an improper delegation occurs, it is efficient for us in each case to hold that under plain-error review, the delegation must be vacated and the case remanded for the district judge to sentence properly. Such a consistent approach, though, requires that we conclude the delegation by itself affects substantial rights and fundamentally damages the judicial proceeding. I do not believe it does. Instead, we must consider those final two factors on a case-by-case basis. Here, Yarbrough cannot show that his substantial rights were affected by the improper delegation. Thus, I see no reason to vacate and remand for resentencing. Nonetheless, I concur in the result. More, later, about why I concur.
I start with the record. It is clear that Yarbrough cannot show a less onerous condition would have been imposed but for the error, There is no argument that the mental-health condition was not warranted, and the district court clearly indicated its intention to impose the condition. For example, when the district court asked Yarbrough whether he wanted mental-health treatment, he said he did:
Court: In the report there is an indication—a strong indication of the need for mental health treatment, and Mr. Yar-brough, I’m wondering if that is something you want?
The Dependant: Yes, ma’am.
Under our usual substantial-rights analysis, I would conclude Yarbrough’s substantial rights have not been affected. We simply cannot say the delegation error “affected the outcome of the district court proceedings.” See Puckett v. United States, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009), Indeed, it seems that any error had no effect whatsoever on whether Yarbrough would be required to attend mental-health treatment.
I now turn to the caselaw. The majority says our precedents compel us to vacate and remand. Yet the authoritative opinions cited by the majority are materially distinguishable. The relevant precedents are those in which the delegation question had to be answered under plain-error review and in which there was significant record evidence that the defendant was in need of ■the treatment that was the subject of the delegation.
The case cited by the majority for the proposition that Yarbrough’s substantial rights were affected is United States v. Gordon, 838 F.3d 597 (5th Cir. 2016). Unlike this case, in Gordon “the district court’s imposition of the mental health condition [was] not reasonably related to any of the Section 3553 factors....” Id. at 605. On appeal, the government conceded there was no basis in the record for the defen *899 dant to be required to participate in a mental-health program. Id. at 604. For that reason, the condition was not related to any of the Section 3553 factors applicable to sentencing. See 18 U.S.C. § 3553. The effect on Gordon’s substantial rights was that the program would impose a “significant financial burden, require him to attend multiple sets of treatment, and as Gordon point[ed] out, result in an unwarranted perception that he requires mental health treatment.” Gordon, 838 F.3d at 605.
Also cited, but only in the majority’s analysis for the general description of plain-error review, is United States v. Prieto, 801 F.3d 547, 549-50 (5th Cir. 2015). There was no délegation issue in that case, b,ut the court held that one condition of supervised release was not reasonably related to any Section 3553 factor. Id. at 553. As such, “[w]e easily conclude!® that the district court’s error affected Prieto’s substantial rights. Had the error not occurred, Prieto would not have been subjected to the unwarranted special condition because no record evidence revealed] any justification for the condition.” Id.
Neither Prieto nor Gordon support that allowing the Probation Office to require Yarbrough to participate in a mental-health program affected his substantial rights. That is because the Section 3553 factors fully support the requirement as to Yarbrough.
The majority also cites a non-prece-dential opinion, United States v. Alaniz, 671 Fed.Appx. 292, 2016 WL 7187378 (5th Cir. Dec. 9, 2016). There, we held that obvious error occurred when the district court delegated to the probation officer the decision whether the defendant’s participation in a mental-health program was necessary. Id. at *2. We then declared that the delegation affected Alaniz’s substantial rights, citing the same case used by the majority here, Gordon, to explain why. Id. As already noted, though, Gordon held that substantial rights were affected only after determining there was no record support for requiring that defendant to participate in a mental-health program at all, regardless of who was imposing the requirement. Gordon was not a good fit to explain the harm as to Alaniz, because Alaniz had previously been diagnosed with several mental-health problems. See Alaniz, 2016 WL 7187378, at *1. The Section 3553 factors may well have supported the requirement as to Alaniz. Thus, we went beyond what Gordon had held. Whatever we meant in Alaniz, that opinion is not precedential.
These decisions from the last year or two are the most recent versions of case-law that, insofar as the specifics of what the majority orders here, can be traced back at least to United States v. Lomas, 304 Fed.Appx. 300 (5th Cir. 2008). There, on plain-error review, we noted that no existing Fifth Circuit or Supreme Court precedent had held whether it was proper to delegate to a probation officer a decision of whether the defendant should undergo mental-health treatment. Id. at 300-01. As there was no error that was plain, we never reached whether such error would have affected the defendant’s substantial rights. Id. at 301. We left the condition in place. Years later, while Lomas was still on supervised' release, the Probation Office petitioned to revoke his release because of various violations. See United States v. Lomas, 643 Fed.Appx. 319, 320 (5th Cir. 2016). Revocation occurred, and a new sentence was imposed that again had as a condition of supervised release that Lomas participate in a mental-health program. Id. We found ambiguity as to what exactly the district court had ordered at sentencing, so we could not say whether the Probation *900 Office had been improperly delegated the decision of whether Lomas had to participate in the program. Id. at 324. Without holding whether plain-error review applied because the ambiguity also meant that Lo-mas may not have had an opportunity to object, we relied on the ambiguity to vacate and remand for the district court to state the sentence more clearly. Id. at 324-25. No analysis of the effect on substantial rights was made, as it was irrelevant to the decision.
Another significant precedent is United States v. Franklin, 838 F.3d 564 (5th Cir. 2016). Again we found an orally pronounced sentence ambiguous as to whether it left to the Probation Office the decision on whether the defendant had to participate in a mental-health program. Id. at 567. We took a cautious approach of reviewing for an abuse of discretion, as Franklin may not have needed to object to an unclear oral pronouncement by the district judge at sentencing. Id. As in the 2016 Lomas decision, we vacated and remanded so that the district judge could state unambiguously whether he was ordering participation in the program. Id. at 568.
A few other prior opinions from this court on the issue were resolved based on review for an abuse of discretion. In such situations, there is no need to show an effect on substantial rights as that is a factor only for plain-error review. E.g., United States v. Calhoun, 471 Fed.Appx. 322, 323 (5th Cir. 2012) (vacating and remanding condition requiring participation in anger-management counseling “as deemed necessary and approved by the probation officer”; defendant had no opportunity to object at sentencing so review was for an abuse of discretion); United States v. Vasquez, 371 Fed.Appx. 541, 542-43 (5th Cir. 2010) (same, except condition was to require participation in treatment program for sex offenders).
At least one other case seems similar to Franklin and the 2016 Lomas decision, and that is United States v. Lopez-Muxtay, 344 Fed.Appx. 964 (5th Cir. 2009). There, we vacated and remanded for clarification without ever stating a standard of review or addressing the plain-error factors. Id. at 965-66.
There is one case, non-precedential though, that did wrestle just a bit with how the third factor on plain-error review was satisfied. See United States v. Pitts, 670 Fed.Appx. 375, 2016 WL 6832953 (5th Cir. Nov. 18, 2016). A condition of supervised release was this: “The defendant shall follow all other lifestyle restrictions or treatment requirements imposed by the therapist, and continue those restrictions as they pertain to avoiding risk situations throughout the course of supervision.” Id. at *1. Due to Pitts’s failure to object to this condition, we applied plain-error review to the argument that the district court improperly delegated authority to the therapist. Id. A similar condition had been invalidated in another case, but in that case there had been an objection and thus we reviewed for an abuse of discretion. See United States v. Morin, 832 F.3d 513, 515-16 (5th Cir. 2016). Morin resolved that the condition was an error that was plain. The Pitts court then discussed the third factor of plain error this way: “Pitts’s substantial rights were affected by the erroneous delegation ‘to a therapist the authority to impose, without court review, independent conditions of supervised release ... that could serve as the basis for violations of the terms of supervised release separate and apart from non-compliance with the treatment program.’ ” Pitts, 2016 WL 6832953, at *1 (quoting Morin, 832 F.3d at 517). That internally quoted language was used in Morin simply as an *901 explanation as to why the condition was error, not why it affected a defendant’s substantial rights. Morin, 832 F.3d at 517. Still, it was fair for Pitts to use it for the substantial-rights analysis if it supported the point, but I do not see that it does. To explain why, I will, finally, dig deeper into what is meant by an effect on substantial rights.
The Supreme Court has explained that, to warrant reversal on plain-error review, “the error must have affected the appellant’s substantial rights, which in the ordinary case means he must demonstrate that it ‘affected the outcome of the district court proceedings.’” Puckett, 556 U.S. at 135, 129 S.Ct. 1423 (quoting United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). An elaboration is that a defendant “ ‘must make a specific showing of prejudice’ in order to obtain relieff.]” Id. at 142, 129 S.Ct. 1423 (quoting Olano, 507 U.S. at 735, 113 S.Ct. 1770). The Supreme Court has also held that when, as here, “the burden of demonstrating prejudice (or materiality) is on the defendant seeking relief,” the defendant must show “ ‘a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.’” United States v. Dominguez Benitez, 542 U.S. 74, 81-82, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (quoting United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (Blackmun, J.)) (alteration omitted).
Here, the claimed error is delegation. We need to be clear that the error is limited to whether Yarbrough had to participate in a treatment program. See, e.g., Franklin, 838 F.3d at 568. That is a “yes” or “no” by the court. The district court does not err, once ordering participation, by giving to the Probation Office the authority to decide the many details of such a program. Id. Substantial rights of a defendant are therefore unaffected by a delegation when there has not been shown a reasonable probability that the district court would not also have imposed a treatment program. The already-quoted questioning by the district judge, and Yarbrough’s desire for such a treatment program, means to me that on these facts the delegation had no effect on Yar-brough’s substantial rights.
What the majority comes close to doing, and what the Supreme Court warns not be done, is to declare that an improper delegation is a structural error in the proceedings. The Court has “noted the possibility that ... ‘structural errors[ ]’ might ‘affect substantial rights’ regardless of their actual impact on an appellant’s trial.” United States v. Marcus, 560 U.S. 258, 263, 130 S.Ct. 2159, 176 L.Ed.2d 1012 (2010). When such errors occur, automatic reversal may be warranted. See Washington v. Recuenco, 548 U.S. 212, 218-19, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006). “But ‘structural errors’ are ‘a very limited class’ of errors that affect the ‘framework within which the trial proceeds’ ... such that it is often ‘difficult’ to ‘assess the effect of the error[.]’ ” Marcus, 560 U.S. at 263, 130 S.Ct. 2159 (citations omitted). They are not commonplace, and they do not include all constitutional errors. See id. What occurred here is nowhere near as significant as a total denial of counsel, or a biased trial judge, or violating the right to a public trial. See id. The delegation error here is simply not within this “very limited class,” which means automatic reversal is not warranted. See id.
Because the district court, with Yar-brough’s consent, indicated its intention to require Yarbrough to attend a mental-health program, he cannot show that any impermissible-delegation error affected his substantial rights. Reviewing for plain error, I could readily affirm. The foregoing is *902 a bit prolix for my conclusion, though, which is to concur with vacating and remanding for resentencing. I do so because the majority goes only slightly further than I believe the caselaw permits. With respect for the district judge, the requirement of a reformed sentencing order does not appear unduly burdensome. It is an unnecessary remand in my view but not worth the strong label of a dissent. I urge our court, though, to consider closely the third factor of plain-error review in future cases in which improper delegation is the issue.