# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10449

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

DIWONE NOBLES, also known as "Pooh",

> Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-245-2

Before ELROD, COSTA, and HO, Circuit Judges.

PER CURIAM:*

An indictment charged Diwone Nobles with conspiracy to commit sex trafficking and three counts of sex trafficking. Nobles pleaded guilty to one of the substantive counts pursuant to a plea agreement. That count involved the sex trafficking of a minor identified as Jane Doe 1. Another substantive count involved a different victim, identified as AV1. Although Nobles did not plead guilty to a count involving AV1 (that is, either the conspiracy count or the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10449

substantive count in which AV1 was the victim), the district court made Nobles jointly and severally liable with codefendants for $153,160 in restitution to AV1.  Nobles did not object to the restitution award in the district court but does now.

The government argues that Nobles's plea agreement waived this appeal.  He agreed not to appeal his sentence unless it "exceed[ed] the statutory maximum."  We do not need to resolve whether an award of restitution to a victim not authorized by the count of conviction is one that exceeds the statutory maximum (there is tension in our caselaw on this point), because Nobles cannot prevail even if the appellate waiver is not a bar.

His inability to prevail is largely because of the plain error posture that Nobles concedes applies to this claim he did not raise at sentencing.  Among other requirements that a defendant must meet before we will grant relief for unpreserved claims of error, the defendant must show that any error was obvious. *United States v. Olano*, 507 U.S. 725, 734 (1993).

There may have been error.  The count of conviction on its own did not support awarding restitution to AV1 as she was not "directly and proximately harmed" by that specific offense, which involved another victim. *See United States v. Espinoza*, 677 F.3d 730, 732 (5th Cir. 2012) (quoting 18 U.S.C. § 3663(a)(2)).  But a defendant may agree in a plea agreement to pay restitution to "persons other than the victim of the offense." 18 U.S.C. § 3663(a)(1)(A); *see also* § 3663(a)(3).  This prevents the government from having to force the defendant to plead guilty to a large number of counts in order to achieve restitution for all victims.  These agreements usually take the following form: the defendant agrees to pay "restitution to victims or to the community which may be mandatory under the law, and which [he] agrees may include restitution arising from all relevant conduct, not limited to that arising from the offenses of conviction alone." *United States v. Miller*, 406 F.3d 323, 330

2

No. 17-10449

(5th Cir. 2005). Or the plea agreement could be even more specific and list the particular victims like AV1 to whom restitution will be paid even though they are not part of the offense of conviction. Nobles's agreement did not take either of those paths. It included only the first part of the standard language as he agreed that the "maximum penalties the Court can impose include . . . restitution to victims or to the community, which may be mandatory under the law." Missing is the language that typically follows making clear that the restitution will include all relevant conduct not limited to the harm caused by the offense of conviction. The government argues that the shortened version is enough because AV1 qualifies as part of "the community." But if that language suffices, then the "relevant conduct" and "not limited to the offense of conviction" language that often follows in plea agreements would be superfluous. Nobles also points out that the reference to the "community" may invoke a legal concept that applies to drug crimes, which are unusual in that they allow restitution payable to the government for "public harm." *See* 18 U.S.C. § 3663(c). And as with other contracts, ambiguities in plea agreements are construed against the drafter, which is the government. *United States v. Roberts*, 624 F.3d 241, 245 (5th Cir. 2010) (quoting *United States v. Elayshi*, 554 F.3d 480, 501 (2008)). So Nobles has a colorable argument that the plea agreement did not cover victims of unadjudicated counts like AV1.

But his argument is not obviously correct, which is what plain error review requires. No cases have held that language like that included in Nobles's plea agreement does not allow restitution for victims beyond the offense of conviction. *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) ("We ordinarily do not find plain error when we have not previously addressed an issue." (quoting *United States v. Lomas*, 304 F. App'x 300, 301 (5th Cir. 2008))). Nor is it unreasonable to contend as the government does that AV1 qualifies as one of the "victims" or as a harmed member of the "community."

3

## No. 17-10449

Nobles thus cannot demonstrate that the district court clearly or obviously erred in awarding restitution to AV1. Its judgment is AFFIRMED.