# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2012

No. 11-20504
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GUADALUPE RAMIREZ GASCA, also known as Jose Guadalupe Ramirez, also known as Jose Ramirez, also known as Jose Ramiez-Gasca, also known as Jose Gonzalez Ramirez, also known as Jose Martinez, also known as Jose Guadalupe Ramirez Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-67-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Ramirez Gasca appeals from the sentence imposed following his guilty plea conviction for illegal reentry of a previously deported alien following a conviction for a felony offense. He argues that the district court erred by imposing an upward departure, failing to provide adequate reasons supporting that departure, denying his request for a downward variance or

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

departure, and failing to provide him with any notice that the court was considering an upward departure.  In the Statement of Reasons, the district court clarified that the imposed sentence was outside the advisory Guidelines system and was therefore a variance.  *See United States v. Jacobs*, 635 F.3d 778, 780 n.1 (5th Cir. 2011).  To the extent that the parties' arguments assume that the sentence was based upon an upward departure, those arguments are not applicable and are construed as referencing the upward variance, where possible.  Because the sentence was based upon an upward variance, Ramirez's challenge to the absence of notice lacks merit.  *See Irizarry v. United States*, 553 U.S. 708, 716 (2008).

Sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a).  *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  Ramirez requested a downward variance prior to sentencing, but he did not object to his sentence on any ground in district court. Nevertheless, his sentence may be affirmed regardless of whether he preserved his challenge to the reasonableness of his sentence.  *See United States v. Argueta-Lopez*, 326 F. App'x 265, 266 (5th Cir. 2009).  Although Ramirez's criminal history was accounted for in the guidelines sentence range, the district court was allowed to consider his prior criminal conduct, including uncounted prior convictions, as a basis for an upward variance.  *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).  The district court made the required individualized assessment and was free to conclude that, in Ramirez's case, the guidelines range gave insufficient weight to some of the § 3553(a) factors, including the nature and circumstances of the offense, Ramirez's history and characteristics, and the need to protect the public from further crimes. *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008).  Ramirez has not shown that the district court erred by denying his request for a downward variance or departure based upon his daughter's illness. The imposed sentence, which was six months greater than the highest sentence that could have been

imposed under Ramirez's advisory guidelines range, was not substantively unreasonable.

The district court's judgment is AFFIRMED.