# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50033

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

JOEL HUMBERTO RENTERIA-MARTINEZ,

> Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before JOLLY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:

Joel Humberto Renteria-Martinez appeals the district court's application of a 16-level sentence enhancement under § 2L1.2(b)(1)(A)(i) of the United States Sentencing Guidelines, based on a previous Texas state conviction that the district court found to be a drug trafficking offense. Although the state court judgment for the previous conviction indicated that Renteria-Martinez was convicted of simple possession of cocaine, other state court documents related to the previous conviction include the language "with intent to deliver," indicating a drug trafficking offense. Renteria-Martinez did not object to the Pre-Sentence Report ("PSR"), which characterized his previous offense as a "drug trafficking offense." Thus, although the district

No. 16-50033

judge erred in applying the 16-level sentence enhancement, we apply plain error review and AFFIRM.

I.

Renteria-Martinez pleaded guilty to attempted illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326. His PSR assessed a base offense level of 8. It then applied a 16-level enhancement based on a previous "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A)(i). The PSR described the 2000 cocaine conviction in Texas state court as a "felony conviction for the drug trafficking offense, Possession of a Controlled Substance with Intent to Deliver Cocaine 4 Grams or More but Less Than 200 Grams." Such an offense triggered the 16-level enhancement. A three-level reduction for acceptance of responsibility caused Renteria-Martinez's total offense level to be 21. Coupled with a criminal history category of IV, the total offense level yielded a guideline imprisonment range of 57 to 71 months. Renteria-Martinez did not object to the PSR or to the guidelines range. The district judge adopted the findings of the PSR and sentenced Renteria-Martinez to 57 months of imprisonment, which was to be followed by three years of supervised release. Renteria-Martinez timely appealed, challenging for the first time the district court's imposition of the 16-level sentence enhancement.

II.

Because Renteria-Martinez did not object to the drug-trafficking sentence enhancement in the district court, we review for plain error. *United States v. Hernandez*, 690 F.3d 613, 620 (5th Cir. 2012). Plain error review involves four prongs. *Puckett v. United States*, 556 U.S. 129, 135 (2009). They are:

> First, there must be an error or defect—some sort of "[d]eviation from a legal rule"—that has not been intentionally relinquished or

2

abandoned . . . by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it "affected the outcome of the district court proceedings." Fourth and finally, if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"

*Puckett*, 556 U.S. at 135 (alteration in original) (citations omitted) (quoting *United States v. Olano*, 507 U.S. 725, 732–33, 736 (1993)).

## III.

### A.

Section 2L1.2(b)(1)(A)(i) of the Sentencing Guidelines allows for a 16-level enhancement if the defendant was previously deported following a conviction "for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A)(i). The Commentary notes define "drug trafficking offense" in pertinent part as an offense that "prohibits . . . the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." § 2L1.2 cmt. n.1(B)(iv).

### B.

Renteria-Martinez contends that the district judge erred in applying the 16-level drug trafficking enhancement based on his 2000 Texas state court conviction. To support his argument, he points to the 2000 state court judgment, which indicates that Renteria-Martinez was convicted of "unlawful possession of a controlled substance to wit: cocaine." Possession alone does not equate to drug trafficking. *United States v. Sarabia-Martinez*, 779 F.3d 274, 276–77 (5th Cir. 2015). Further, the Texas judgment provides that the offense was second-degree; Renteria-Martinez argues that this description is

No. 16-50033

consistent with a conviction for simple possession under Texas law, not for possession with intent to deliver.

Section 481.115(d) of the Texas Health & Safety Code provides that a drug possession offense is "a felony of the second degree if the amount of the controlled substance possessed is, by aggregate weight, . . . four grams or more but less than 200 grams." TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2015). Possession of a controlled substance in the amount of four to 200 grams is a felony in the first degree, however, if it is possessed "with intent to deliver." § 481.112(d). Renteria-Martinez argues that because the Texas judgment defined the offense as a second-degree offense for unlawful possession of cocaine, and because the judgment omitted any language regarding an "intent to deliver," the Texas cocaine conviction does not meet the definition of "drug trafficking offense" in the Sentencing Guidelines.

The Government argues in response that no error occurred because the 2000 Texas state court offense was possession of cocaine with intent to deliver. The Government points to a number of state court documents that support this conclusion: the docket sheet, incorporating by reference the indictment; Renteria's judicial confession; and a motion by the Government to reduce Renteria's charge. It is undisputed that the only document that indicates a crime other than an offense "with intent to deliver" is the judgment itself. Moreover, a handwritten note included with the judgment provides, "All other docs. (except judgment) indicate w/int. to deliver." The identity of the writer of the note is not apparent. Thus, the Government contends, the description of the offense of conviction on the judgment is a scrivener's error, and the 2000 Texas state court conviction was properly characterized as a drug trafficking offense by the district court.

4

No. 16-50033

C.

In our plain error analysis, we first determine whether an error occurred. In doing so, we may look to "the record as supplemented on appeal." *United States v. Wikkerink*, 841 F.3d 327, 332 (5th Cir. 2016). Although the docket and Renteria-Martinez's judicial confession were not before the district court, we granted an unopposed motion to supplement the record with these documents and may therefore consider them.

Notwithstanding the uniform inconsistency of the related state court documents, we find that the judgment is more probative of conviction because it represents the final determination in the case and bears the judge's signature. Moreover, § 2L1.2(b)(1)(A) of the Sentencing Guidelines references a "conviction" rather than a charge or guilty plea. Here, the conviction was for "possession of a controlled substance to wit: cocaine" in the second degree. To be sure, however, even if the conviction had included the language "possession with intent to deliver," it would not necessarily change the outcome here; we recently held that a conviction under Section 481.112(a) of the Texas Health & Safety Code, which includes the language "intent to deliver," does not constitute a "controlled substance offense" under the Guidelines when a categorical approach analysis is applied. *United States v. Tanksley*, No. 15-11078, 2017 WL 213835, at *7 (5th Cir. Jan. 18, 2017). In any event, the district court erred in applying the 16-level drug trafficking sentence enhancement based on a previous conviction for which the final judgment does not fit the criteria for a drug trafficking offense under the Sentencing Guidelines.

For the purposes of the plain error analysis, we pretermit a decision regarding the second and third prongs and assume *arguendo* that Renteria-

No. 16-50033

Martinez has shown that the error was "clear or obvious" and that it affected his substantial rights.[1]

Even assuming *arguendo* that Renteria-Martinez has satisfied the first three prongs of the plain error analysis, we halt at the fourth prong and decline to exercise our discretion to remedy the district court's error. Under the fourth prong of the plain error analysis, such discretion ought only to be exercised when "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (alteration in original) (quoting *Puckett*, 556 U.S. at 135). We further recognize that the errors for which reversal on the fourth prong is appropriate include "ones that 'would shock the conscience of the common man, serve as a powerful indictment against our system of justice, or seriously call into question the competence or integrity of the district judge.'" *United States v. Segura*, 747 F.3d 323, 331 (5th Cir. 2014) (quoting *Escalante-Reyes*, 689 F.3d at 435).

Here, every document in the record related to the 2000 Texas state court conviction includes the language "with intent to deliver" except the judgment. The PSR findings adopted by the district court described the 2000 Texas state conviction as possession "with intent to deliver."[2] Renteria-Martinez's judicial confession in the 2000 offense also included the language "with intent to deliver," as did the state court docket. Although the state court judgment of

---

[1] The Government conceded that the application of the 16-level enhancement affected Renteria-Martinez's substantial rights. Absent the 16-level enhancement, Renteria-Martinez would have received an 8-level enhancement for a separate drug trafficking offense, which would have yielded a guideline sentencing range of 24 to 30 months imprisonment. The difference, therefore, is one of at least 27 months.

[2] The PSR description of the 2000 Texas conviction also noted that the total weight of the cocaine found in Renteria-Martinez's vehicle was 4,437.3 grams and that he was originally charged with "Possession with Intent to Deliver 400 grams or More of Cocaine" before the State moved to reduce the offense.

his conviction omitted the language "with intent to deliver," it is clear that the offenses underlying the conviction implicated the act of delivery of a controlled substance. More important, however, Renteria-Martinez showed proclivities of recidivistic behavior; at the time of the 2000 offense, he was on probation for a 1996 marijuana conviction. We have declined to exercise our discretion under plain error review in other cases involving recidivistic behavior. *See, e.g.*, *United States v. Davis*, 602 F.3d 643, 650–51 (5th Cir. 2010) (declining to exercise discretion in factual situation involving a defendant who "violated his supervised release only five months into a five-year sentence").

The district court's error here is neither an "indictment against our system of justice" nor an error that "shock[s] the conscience of the common man" or undermines the integrity of the judicial proceedings. We therefore decline to exercise discretion.

## IV.

In sum, we decline to exercise discretion to remedy the district court's error under the fourth prong of plain error review and AFFIRM.