# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50154
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EMMANUEL EMIL BAILEY, also known as Emmanuel Bailey, also known as
Jermaine Jamal Lyons, also known as Mobban, also known as Young Mobban,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:15-CR-148-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Emmanuel Emil Bailey pleaded guilty to transportation of an individual
in interstate commerce with the intent that such individual engage in
prostitution or sexual activity in violation of 18 U.S.C. § 2421.  The district
court sentenced Bailey to 84 months of imprisonment, three years of
supervised release, and a $1,000 fine.  On appeal, Bailey challenges four of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

standard conditions of supervised release included in the written judgment but not orally pronounced at sentencing as impermissible delegations of judicial authority to the probation officer.

Because Bailey did not have an opportunity to object to the challenged standard conditions of supervised release at sentencing, this court's review of those conditions is for abuse of discretion. *United States v. Rouland*, 726 F.3d 728, 735 (5th Cir. 2013). The imposition of supervised release conditions and terms "is a core judicial function that cannot be delegated." *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016) (internal quotation marks and citations omitted). Bailey argues that the district court erred by imposing standard conditions of supervised release requiring him to participate in programs for substance abuse treatment, mental health treatment, cognitive behavioral treatment, and workforce development "if deemed necessary by the probation officer." We have held that such language "creates an ambiguity regarding whether the district court intended to delegate authority not only to implement treatment but to decide whether treatment was needed." *Id.* (internal quotation marks and citation omitted).

Bailey also asserts that the district court impermissibly delegated its judicial authority to the probation officer to ascertain whether he should pay the costs of his participation in the substance abuse treatment, mental health treatment, cognitive behavioral treatment, and workforce development programs and, if so, the amount he should pay. This argument is unpersuasive. In *United States v. Warden*, 291 F.3d 363, 365-66 (5th Cir. 2002), we held that the imposition of special conditions relating to a determination of a defendant's ability to pay the costs of drug treatment and other programs does not constitute an unlawful delegation of authority to the probation officer.

No. 16-50154

Accordingly, we VACATE the substance abuse treatment, mental health treatment, cognitive behavioral treatment, and workforce development conditions and REMAND to the district court for resentencing, with the same clarifying instruction offered in *Franklin*:

> If the district court intends that the therapy be mandatory but leaves a variety of details, including the selection of a therapy provider and schedule to the probation officer, such a condition of probation may be imposed. If, on the other hand, the court intends to leave the issue of the defendant's participation in therapy to the discretion of the probation officer, such a condition would constitute an impermissible delegation of judicial authority and should not be included.

*Franklin*, 838 F.3d at 568 (citation omitted).