# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-41331
Summary Calendar

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AUSTIN CARLIN,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-214-1

————

United States Court of Appeals
Fif h Circuit

**FILED**

October 17, 2017

Lyle W. Cayce
Clerk

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Austin Carlin pleaded guilty to kidnapping a minor in violation of
18 U.S.C. § 1201(a)(1) and (g)(1). He was sentenced within the advisory
guidelines range to 262 months of imprisonment and 10 years of supervised
release. As a special condition of supervised release, the district court orally
ordered that Carlin "participate in a mental health program as being necessary
and approved by the probation officer." The written judgment reflected that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-41331

Carlin "participate in a mental health program as deemed necessary and approved by the probation officer."  In his sole issue on appeal, Carlin challenges this supervised release condition as an impermissible delegation to the probation officer of the court's sentencing authority to determine whether he must participate in mental health treatment.  Because he did not object to the condition, we review for plain error.  *United States v. Franklin*, 838 F.3d 564, 566 (5th Cir. 2016).

"The imposition of a sentence, including the terms and conditions of supervised release, is a core judicial function that cannot be delegated."  *Id.* at 568 (internal quotation marks and citation omitted).  "However, providing appropriate treatment for prisoners with known mental problems is also a core duty of judges."  *United States v. Guerra*, 856 F.3d 368, 369 (5th Cir. 2017).  A district court may "properly delegate to a probation officer decisions as to the details of a condition of supervised release" but it may not delegate "authority to decide *whether* a defendant will participate in a treatment program." *Franklin*, 838 F.3d at 568 (internal quotation marks, citation, and alteration omitted).

Carlin's presentence investigation report (PSR) reflects numerous mental health evaluations and diagnoses indicating schizoaffective disorder, bipolar disorder, pedophilic disorder, post-traumatic stress disorder, and dissociative identity disorder.  At sentencing, Carlin's counsel made several arguments based on Carlin's mental health issues.  The district court sentenced Carlin at the bottom of the guidelines range and specifically identified his mental health issues and intellectual disability as a basis for the sentence before imposing the mental health treatment condition.

Based on this record, we conclude that the district judge intended that mental health treatment be mandatory and permissibly delegated the details

of that treatment to the probation officer.  *See Guerra*, 856 F.3d at 369-70.  We therefore AFFIRM the sentence as MODIFIED—mental health treatment is imposed, details of treatment to be supervised by the probation office.