# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2018

Lyle W. Cayce
Clerk

No. 17-10629
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VINCENT DEON BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-543-2

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Vincent Deon Brown pled guilty to interference with commerce by robbery and using and carrying a firearm during a crime of violence. The district court sentenced him to consecutive terms of imprisonment of 57 and 120 months to be followed by concurrent three-year terms of supervised release. As a special condition of Brown's supervised release, the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10629

ordered, "The defendant shall participate in mental health treatment services as directed by the probation officer until successfully discharged."

The sole issue Brown raises on appeal challenges this condition of supervised release. Recognizing that he did not object when the district court pronounced his supervised release conditions, Brown contends that he has demonstrated a reversible plain error because the condition impermissibly delegates to the probation officer the district court's authority to determine whether he must participate in mental-health treatment.

Imposing the conditions of supervised release "is a core judicial function that cannot be delegated." *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016) (quotation marks and citation omitted). A district court may not delegate its authority "to decide *whether* a defendant will participate in a treatment program," but it may delegate decisions regarding the details of a treatment-related condition. *Id.* Although Brown relies on *Franklin*, the written judgment in that case stated that the defendant was "required" to participate in a treatment program "as deemed necessary and approved by the probation officer." *Id.* at 567. In nonprecedential opinions we similarly have concluded that requiring an inmate to participate "in a treatment program 'as directed by the probation officer' does not constitute an impermissible delegation of authority, as it permits the probation officer to address only the details of the treatment, not the necessity for such treatment." *United States v. Gutierrez*, 698 F. App'x 789, 790 (5th Cir. 2017) (citing cases).

Absent any precedent directly supporting his contention, Brown cannot prevail on plain-error review. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).

AFFIRMED.