# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50400
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee

v.

EMMANUEL EMIL BAILEY, also known as Emmanuel Bailey, also known as Jermaine Jamal Lyons, also known as Mobban, also known as Young Mobban,

      Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:15-CR-148-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Emmanuel Emil Bailey pleaded guilty to transportation of an individual in interstate commerce with the intent that such individual engage in prostitution or sexual activity in violation of 18 U.S.C. § 2421. The district court sentenced him above the advisory guidelines range to 84 months of imprisonment and three years of supervised release. On appeal, Bailey's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appellate counsel moved to withdraw and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel subsequently withdrew the *Anders* motion and filed a brief on the merits challenging four of the standard conditions of supervised release. We vacated the conditions and remanded for resentencing. *United States v. Bailey*, 697 F. App'x 270, 271 (5th Cir. 2017) (per curiam) (unpublished). On remand, Bailey filed a motion to reconsider the district court's upward departure.[1] The district court denied the motion and reimposed its original sentence, absent the four challenged conditions of supervised release.

Bailey now argues that the district court erred in failing to consider his upward departure challenge at resentencing. He maintains that his "case qualifies for a unique exemption" to the mandate rule because he raised this argument in his pro se response to counsel's *Anders* motion. Bailey concedes that his counsel did not raise such a challenge in his merits brief.

We review the district court's application of our remand order de novo. *See United States v. Bazemore*, 839 F.3d 379, 385 (5th Cir. 2016). "Under the mandate rule, '[a] district court on remand "must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court."'" *United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012) (alteration in original) (quoting *United States v. McCrimmon*, 443 F.3d 454, 459 (5th Cir. 2006)). "'Additionally, pursuant to the "waiver

---

[1] The parties incorrectly refer to Bailey's sentence as an upward departure; it is instead an upward variance. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) ("This court recognizes three types of sentences: (1) 'a sentence within a properly calculated Guidelines range'; (2) 'a sentence that includes an upward or downward departure as allowed by the Guidelines'; and (3) 'a non-Guideline sentence' or a 'variance' that is outside of the relevant Guidelines range." (quoting *United States v. Smith*, 440 F.3d 704, 706-07 (5th Cir. 2006))). To the extent the parties refer to Bailey's sentence as an upward departure, "those arguments are not applicable and are construed as referencing the upward variance, where possible." *United States v. Ramirez Gasca*, 476 F. App'x 16, 17 (5th Cir. 2012) (per curiam) (unpublished).

approach" to the mandate rule,' '[a]ll other issues not arising out of this court's ruling and not raised before the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below.'" *Id.* (alteration in original) (first quoting *McCrimmon*, 443 F.3d at 459; then quoting *United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006) (per curiam)).

The district court "implement[ed] both the letter and spirit of [our] mandate" by limiting its review to the four challenged conditions of supervised release. *Id.* Because Bailey's upward variance challenge was not raised in his original appeal, and could have been raised therein, the issue was waived and not properly before the district court at resentencing. *See id.* at 583-84; *United States v. Griffith*, 522 F.3d 607, 610-11 (5th Cir. 2008). In addition, contrary to Bailey's argument, he did not have a right to hybrid representation on appeal. *See United States v. Ogbonna*, 184 F.3d 447, 449 n.1 (5th Cir. 1999) (denying defendant's motion to file a pro se brief when defendant's counsel had already filed a competent brief on his behalf); 5TH CIR. R. 28.6. Therefore, the district court's judgment on remand is AFFIRMED.