# United States Court of Appeals for the Fifth Circuit

No. 23-50727

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Fortino Pimentel-Soto,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:21-CR-1736-1

_____

Before Wiener, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Fortino Pimentel-Soto challenges a special condition of his sentence requiring him to participate in sex offender treatment if recommended by an evaluator. We agree with Pimentel-Soto that this condition impermissibly delegates the district court's sentencing authority. Accordingly, we VACATE the condition and REMAND for resentencing.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50727

## I.

In December 2021, Pimentel-Soto pleaded guilty to illegally re-entering the United States in violation of 8 U.S.C. § 1326(a) and (b)(1)–(2). He was later sentenced to 71 months in prison and three years of supervised release. His sentence was calculated, in part, based on his previous felony conviction for sexually assaulting a child. Accordingly, Pimentel-Soto's supervised release was subject to the following special condition:

> The defendant shall undergo a psychosexual evaluation with the understanding that if further sex offender specific treatment is recommended, he/she will participate in a sex offender treatment program operated by a Licensed Sex Offender Treatment Provider and/or other sex offender treatment program until successfully discharged. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph examinations, the costs of the program based on the defendant's ability to pay.

Pimentel-Soto did not challenge this condition in the district court. On appeal, however, he argues that it constitutes an unlawful delegation of sentencing authority.

## II.

Because Pimentel-Soto did not preserve his objection to the special condition, we review it for plain error. *See United States v. Mejia-Banegas*, 32 F.4th 450, 451 (5th Cir. 2022) (per curiam). Our caselaw provides:

> To prevail under plain error review, a defendant must show (1) error, (2) that is clear or obvious, and (3) that affected the defendant's substantial rights. If those requirements are met, the reviewing court may in its discretion remedy the error only if it (4) "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

2

*United States v. Hinojosa*, 749 F.3d 407, 411 (5th Cir. 2014) (quoting and citing *Puckett v. United States*, 556 U.S. 129, 135 (2009) (alteration in original)).

## III.

Under our precedent, a district court may not hand off to someone else the "authority to decide *whether* a defendant will participate in a treatment program." *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016) (quoting *United States v. Lomas*, 643 F. App'x 319, 324 (5th Cir. 2016)). Doing so "impermissibly delegates judicial authority" because "[t]he imposition of a sentence, including the terms and conditions of supervised release, is a 'core judicial function' that cannot be delegated." *Id.* (quoting *Lomas*, 643 F. App'x at 324). Based on this principle, Pimentel-Soto argues the special condition must be vacated.

The government disagrees. It reads the condition this way: "The court ordered that if the exam showed a need for treatment, the court ordered treatment. The decision to order treatment was reserved for the court, not the sex offender treatment provider." But the condition does not say that. To the contrary, upon "a psychosexual evaluation," the condition imposes treatment automatically, without any subsequent court order, "if further sex offender specific treatment is recommended." Under those plain terms, the discretion lies in the hands of a psychosexual evaluator, not the court.

We have vacated substantively indistinguishable conditions several times. *See Franklin*, 838 F.3d at 566 (vacating a condition which "required [the Appellant] to participate in a mental health program as deemed necessary and approved by the probation officer"); *United States v. Griffin*, 780 F. App'x 103, 105 (5th Cir. 2019) (per curiam) (vacating a condition stating that "[s]hould the Probation Office feel substance abuse counseling is necessary, the defendant will participate in any such program as approved by the United States Probation Office"); *United States v. Bailey*, 697 F. App'x 270, 271 (5th

Cir. 2017) (per curiam) (vacating multiple conditions requiring Appellant to participate in various treatment programs "if deemed necessary by the probation officer").[1] Accordingly, the district court erred by delegating the decision on Pimentel-Soto's sex offender treatment to an evaluator.

We next consider whether that error is "clear or obvious." *Hinojosa*, 749 F.3d at 411. It is. We have repeatedly vacated special conditions on plain error review for delegating decisions about treatment programs. *See United States v. Barber*, 865 F.3d 837, 842 (5th Cir. 2017) (per curiam); *Griffin*, 780 F. App'x at 107; *United States v. Huor*, 852 F.3d 392, 404 (5th Cir. 2017); *United States v. Pitts*, 670 F. App'x 375, 376 (5th Cir. 2016) (per curiam); *United States v. Iverson*, 874 F.3d 855, 861 (5th Cir. 2017).

We next consider whether the error "affected the defendant's substantial rights." *Hinojosa*, 749 F.3d at 411. It did. We have held that impermissible delegation of sentencing authority violates a defendant's "substantial right[ ] . . . to be sentenced by an Article III judge." *Barber*, 865 F.3d at

---

[1] By contrast, we have upheld a condition where a court ordered an evaluation and indicated that it would "*subsequently* issue an order for treatment if the need arises." *United States v. Rodriguez*, 852 F. App'x 810, 812 (5th Cir. 2021) (per curiam) (emphasis added) (upholding the following condition: "in the event that [need of treatment] is indicated [by a substance abuse test], [the defendant] will be ordered to participate in any substance abuse treatment program that may be required"). Likewise, a court may decisively order treatment in its initial sentencing but allow the "manner and means of therapy during a treatment program [to] be devised by therapists rather than the court." *United States v. Morin*, 832 F.3d 513, 516-17 (5th Cir. 2016); *see also United States v. Brown*, 711 F. App'x 244, 245 (5th Cir. 2018) (per curiam) ("[R]equiring an inmate to participate in a treatment program 'as directed by the probation officer' does not constitute an impermissible delegation of authority, as it permits the probation officer to address only the details of the treatment, not the necessity for such treatment.") (internal quotation marks and citation omitted); *United States v. Carlin*, 712 F. App'x 365, 367 (5th Cir. 2017) (per curiam) ("Based on this record, we conclude that the district judge intended that mental health treatment be mandatory and permissibly delegated the details of that treatment to the probation officer.").

840. We have even held so when, as here, the defendant failed to brief this prong of plain error review. *See Griffin*, 780 F. App'x at 107 (vacating a special sentencing condition for impermissible delegation despite Appellant's "failure to address the third and fourth prong of plain-error review").

Finally, we consider whether the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Hinojosa*, 749 F.3d at 411 (quoting *Puckett*, 556 U.S. at 135 (alteration in original)). It does. As noted, we have regularly exercised our discretion on plain error review to correct sentencing conditions that improperly delegate judicial authority. *See e.g.*, *Barber*, 865 F.3d at 841-42; *Huor*, 852 F.3d at 403. That is because "'[p]reserving the judiciary's exclusive authority to impose sentences is an area in which it is important for courts to be vigilant.'" *Barber*, 865 F.3d at 841 (quoting *United States v. Morin*, 832 F.3d 513, 518 (5th Cir. 2016)); *see also Huor*, 852 F.3d at 403 ("Here we confront a judgment that cedes the judiciary's exclusive sentencing power to a therapist. Such an error necessarily 'undermines the integrity of the judicial proceedings.'") (quoting *United States v. Renteria-Martinez*, 847 F.3d 297, 302 (5th Cir. 2017) (per curiam)).

## IV.

Accordingly, we VACATE the special condition and REMAND to the district court for resentencing consistent with this opinion.