# United States Court of Appeals for the Fifth Circuit

No. 23-50309

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN JOSE VEGA-SANTOS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-1349-1

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

CARL E. STEWART, *Circuit Judge*:

Defendant-Appellant Juan Jose Vega-Santos challenges a special condition of his sentence requiring him to participate in sex offender treatment if recommended by an evaluator. We agree with Vega-Santos that this condition impermissibly delegates the district court's sentencing authority. Accordingly, we VACATE the condition and REMAND for resentencing.

No. 23-50309

## I. Factual & Procedural Background

In June 2022, Juan Jose Vega-Santos was charged under 8 U.S.C. § 1326(a)–(b) with illegal reentry to the United States following removal. He subsequently pleaded guilty without a plea agreement.

At sentencing, the district court determined that an upward variance from the advisory guidelines range was merited and sentenced Vega-Santos to 60 months in prison. In addition, it imposed three years of supervised release and special conditions of that release as set forth in the presentence investigation report.

This appeal concerns one of those special conditions. Because Vega-Santos had a prior felony conviction for sexual intercourse with a minor, his supervised release was subject to the following condition:

> The defendant shall undergo a psychosexual evaluation with the understanding that if further sex offender specific treatment is recommended, he will participate in a sex offender treatment program operated by a Licensed Sex Offender Treatment Provider and/or other sex offender treatment program until successfully discharged. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph examinations, to determine if the defendant is in compliance with the conditions of release. The defendant shall pay the costs of the program based on the defendant's ability to pay.

Vega-Santos did not challenge this condition in the district court. On appeal, however, he argues that it constitutes an unlawful delegation of

2

sentencing authority. Alternatively, he argues that it is impermissibly ambiguous as to the scope of the district court's delegation.

While Vega-Santos's appeal was pending, this court held in *United States v. Pimentel-Soto* that the same special condition at issue here constitutes an unlawful delegation of sentencing authority. No. 23-50727, 2024 WL 4692026, at *1 (5th Cir. Nov. 6, 2024) (unpublished). In *Pimentel-Soto*, we explained that "several" prior cases had already "vacated substantively indistinguishable conditions" and that "the district court erred by delegating the decision on Pimentel-Soto's sex offender treatment to an evaluator." *Id.* at *2 (collecting cases). Accordingly, we vacated the special condition in that case and remanded to the district court for resentencing. *Id.* at *3.

## II. Standard of Review

Because Vega-Santos did not preserve his objection to the special condition, we review it for plain error. *See United States v. Mejia-Banegas*, 32 F.4th 450, 451 (5th Cir. 2022).[1] Our case law provides that:

> To prevail under plain error review, a defendant must show (1) error, (2) that is clear or obvious, and (3) that affected the defendant's substantial rights. If those requirements are met, the reviewing court may in its discretion remedy the error only if it (4) "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

---

[1] Like Vega-Santos, Pimentel-Soto did not preserve his objection to the special condition. *See Pimentel-Soto*, 2024 WL 4692026, at *1. Accordingly, we also reviewed for plain error in that case. *See id.*

*United States v. Hinojosa*, 749 F.3d 407, 411 (5th Cir. 2014) (quoting and citing *Puckett v. United States*, 556 U.S. 129, 135 (2009) (alteration in original)).

## II. Discussion

Under our precedent, a district court may not pass off to someone else the "authority to decide whether a defendant will participate in a treatment program." *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016) (quoting *United States v. Lomas*, 643 F. App'x 319, 324 (5th Cir. 2016) (unpublished)); *Pimentel-Soto*, 2024 WL 4692026, at *1 (quoting the same). Doing so "impermissibly delegates judicial authority" because "[t]he imposition of a sentence, including the terms and conditions of supervised release, is a 'core judicial function' that cannot be delegated." *Franklin*, 838 F.3d at 568 (quoting *Lomas*, 643 F. App'x at 324); *Pimentel-Soto*, 2024 WL 4692026, at *1 (quoting the same). Based on this principle, Vega-Santos argues that the special condition must be vacated.

The government disagrees. As it did in *Pimentel-Soto*, it argues here that "[t]he court ordered [Vega-Santos] to be examined," and "[t]he decision to order treatment was reserved for the court, not the sex offender treatment provider." *See Pimentel-Soto*, 2024 WL 4692026, at *1.[2] But the condition does not state that. To the contrary, upon "a psychosexual evaluation," the condition imposes treatment automatically, without any subsequent court order, "if further sex offender specific treatment is recommended." *See also id.* at *1 (stating the same). Under those plain terms,

---

[2] The government does not put forward any separate arguments regarding the other three prongs of the plain error analysis. As the government states in its brief on appeal, "[b]ecause the special condition did not improperly delegate judicial authority, there is no error affecting Appellant's substantial rights. Further, there is no error here that seriously affects the fairness, integrity, or public reputation of judicial proceedings."

the condition as written makes clear that the discretion lies in the hands of a psychosexual evaluator, not the court.

As demonstrated by our past holdings vacating substantively indistinguishable conditions, Vega-Santos has shown error under the plain error analysis's first prong. *See id* at \*2; *Franklin*, 838 F.3d at 566 (vacating a condition which "required [the Appellant] to participate in a mental health program as deemed necessary and approved by the probation officer"); *United States v. Griffin*, 780 F. App'x 103, 105 (5th Cir. 2019) (unpublished) (vacating a condition stating that "[s]hould the Probation Office feel substance abuse counseling is necessary, the defendant will participate in any such program as approved by the United States Probation Office"); *United States v. Bailey*, 697 F. App'x 270, 271 (5th Cir. 2017) (unpublished) (vacating multiple conditions requiring Appellant to participate in various treatment programs "if deemed necessary by the probation officer").

Next, Vega-Santos shows that the district court's error is "clear or obvious." *See Hinojosa*, 749 F.3d at 411. As Vega-Santos demonstrates, we have repeatedly vacated special conditions on plain error review for delegating decisions about treatment programs. *See Pimentel-Soto,* 2024 WL 4692026, at \*2; *United States v. Barber*, 865 F.3d 837, 842 (5th Cir. 2017); *Griffin*, 780 F. App'x at 107; *United States v. Huor*, 852 F.3d 392, 404 (5th Cir. 2017); *United States v. Pitts*, 670 F. App'x 375, 376 (5th Cir. 2016) (unpublished); *United States v. Iverson*, 874 F.3d 855, 861 (5th Cir. 2017).

Moving on to prong three, Vega-Santos shows that the district court's error "affected [his] substantial rights." *See Hinojosa*, 749 F.3d at 411. As he states, there is "a reasonable probability that the result of the underlying proceeding would have been different but for the error" because it eliminated any opportunity for the district court to reject the recommended treatment. Indeed, we have held in the past that impermissible delegations of sentencing

authority violate a defendant's "substantial right[] . . . to be sentenced by an Article III judge." *Barber*, 865 F.3d at 840; *Pimentel-Soto,* 2024 WL 4692026, at *2 (quoting the same).

Finally, Vega-Santos has shown that the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *See Hinojosa*, 749 F.3d at 411 (quoting *Puckett*, 556 U.S. at 135 (alteration in original)). As Vega-Santos observes, and as we explained in *Pimentel-Soto*, we have regularly exercised our discretion on plain error review to correct sentencing conditions that improperly delegate judicial authority. *See Pimentel-Soto,* 2024 WL 4692026, at *2 (citing *Barber*, 865 F.3d at 841–42; *Huor*, 852 F.3d at 403). We have done so because "'[p]reserving the judiciary's exclusive authority to impose sentences is an area in which it is important for courts to be vigilant.'" *Barber*, 865 F.3d at 841 (quoting *United States v. Morin*, 832 F.3d 513, 518 (5th Cir. 2016)); *see also Huor*, 852 F.3d at 403 ("Here we confront a judgment that cedes the judiciary's exclusive sentencing power to a therapist. Such an error necessarily 'undermines the integrity of the judicial proceedings.'") (quoting *United States v. Renteria-Martinez*, 847 F.3d 297, 302 (5th Cir. 2017)); *Pimentel-Soto,* 2024 WL 4692026, at *2 (quoting the same).

In sum, the district court plainly erred in imposing a special condition of supervised release that delegated the decision on Pimentel-Soto's sex offender treatment to an evaluator.[3]

---

[3] Because the special condition is plainly erroneous under its ordinary meaning, we pretermit discussion of whether it is nonetheless impermissibly ambiguous with respect to the scope of the district court's delegation.

No. 23-50309

### III. Conclusion

For the foregoing reasons, we VACATE the special condition and REMAND to the district court for resentencing consistent with this opinion.