# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2025

Lyle W. Cayce
Clerk

No. 24-50286
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Geovani Flores,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-CR-368-1

_____

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:*

Jose Geovani Flores pleaded guilty to a single count of illegal reentry after removal; he was sentenced to 46 months of imprisonment and three years of supervised release. Relevant to the instant appeal, the district court imposed a special condition of supervised release stating, in relevant part, that Flores "shall undergo a psychosexual evaluation with the understanding

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

that if further sex offender-specific treatment is recommended, he/she will participate in a sex offender treatment program . . . until successfully discharged." Flores argues that this condition impermissibly delegated the district court's authority to decide whether he must undergo such treatment. In the alternative, he argues that the condition is ambiguous. Because we conclude that imposition of the condition was plain error, we pretermit the question of ambiguity.

Flores did not object to this condition in the district court, so we review his argument for plain error. *See United States v. Mejia-Banegas*, 32 F.4th 450, 451 (5th Cir. 2022). As we did in a prior case involving this exact condition, we conclude that imposition of the condition was an error that was clear or obvious. *See United States v. Vega-Santos*, 122 F.4th 571, 574-76 (5th Cir. 2024). We also conclude that this error affected Flores's substantial rights because "it eliminated any opportunity for the district court to reject the recommended treatment." *Id.* at 575. Finally, we choose to correct the error in this case because "[p]reserving the judiciary's exclusive authority to impose sentences is an area in which it is important for courts to be vigilant." *Id.* (internal quotation marks and citation omitted).

Therefore, we VACATE this special condition and REMAND for resentencing consistent with this opinion.